IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST D. Jeffrey
HIRSCHBERG, Attorney at Law.

Supreme Court

*No. 87–2240–D. Filed September 8, 1988.*

(Also reported in 428 N.W.2d 547.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*
The referee recommended that Attorney D. Jeffrey Hirschberg be publicly reprimanded for professional misconduct consisting of having billed clients

for personal long distance telephone calls he had made. That recommendation was explicitly premised on the referee's consideration of Attorney Hirschberg's alcoholism and his otherwise exemplary conduct as an attorney during the relevant period as mitigating factors. In addition to the public reprimand, the referee recommended that certain conditions directed to Attorney Hirschberg's rehabilitation from alcoholism be imposed on his continued practice of law.

We determine that a public reprimand and imposition of the conditions recommended by the referee, with the exception noted below, constitute appropriate discipline for Attorney Hirschberg's misconduct. Although Attorney Hirschberg, in effect, used client funds for his own purposes, we are persuaded, as was the referee, that the misconduct was an isolated occurrence, prompted in part by Attorney Hirschberg's alcoholism. Accordingly, the seriousness of that misconduct and the severity of discipline in response to it is mitigated to the extent that a license suspension is unnecessary to serve the purposes of lawyer discipline.

Attorney Hirschberg was admitted to practice law in Wisconsin in 1971 and, until 1987, practiced in Milwaukee. He has not previously been the subject of a disciplinary proceeding. The referee is Attorney S. Michael Wilk.

Pursuant to a stipulation of the parties, the referee found that, between September 13, 1983 and June 25, 1984, Attorney Hirschberg made 807 personal long distance telephone calls and billed the charges for those calls, totaling $2,522, to clients on whose matters he was working. When that misconduct was discovered, Attorney Hirschberg promptly reimbursed

the law firm for the entire amount of the charges. The referee concluded that Attorney Hirschberg had engaged in conduct involving dishonesty and misrepresentation, in violation of SCR 20.04(4).

In mitigation of the seriousness of the misconduct and the discipline to be imposed for it, the referee considered the fact that each client who had been improperly charged for disbursements as a result of Attorney Hirschberg's misconduct was promptly credited on a subsequent billing or sent a reimbursement check. In addition, the law firm, with Attorney Hirschberg's assistance, reported this matter to the Board. Most importantly, the referee found a direct causal connection between Attorney Hirschberg's misconduct and his alcoholism, for which he voluntarily had sought treatment in May, 1986, prior to the discovery of his misconduct. Since 1986, Attorney Hirschberg has established regular participation in Alcoholics Anonymous and has abstained from alcohol and drugs since January, 1987. In light of testimony establishing Attorney Hirschberg's excellent reputation in the legal community for competence, integrity and honesty, the referee considered the misconduct "an isolated deviation from an otherwise exemplary practice."

We adopt the referee's findings of fact and conclusions of law. We agree that a public reprimand, together with the imposition of conditions on his continued practice of law, is appropriate discipline for Attorney Hirschberg's misconduct in this matter. The conditions we impose are those recommended by the referee, with the exception of the requirement of supervision by another attorney, with periodic reporting to the Board of Attorneys Professional Responsi-

bility, in the event Attorney Hirschberg is admitted to the practice of law in another jurisdiction.

IT IS ORDERED that Attorney D. Jeffrey Hirschberg is publicly reprimanded for professional misconduct.

IT IS FURTHER ORDERED that Attorney D. Jeffrey Hirschberg comply with the conditions recommended by the referee and on file in this matter, with the exception noted in this opinion.

IT IS FURTHER ORDERED that within 60 days of the date of this order D. Jeffrey Hirschberg pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within that time, the license of D. Jeffrey Hirschberg to practice law in Wisconsin shall be suspended until further order of the court.

ABRAHAMSON, J., took no part.

BABLITCH, J., dissents, concluding that under all the circumstances presented, a private reprimand along with the imposition of the conditions outlined, is the appropriate remedy.